■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM BESS, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered May 3, 1979, which granted defendant's motion to dismiss the indictment on the ground that he was denied a speedy trial. Order reversed, on the law, motion denied, and indictment reinstated. Although approximately 14 months elapsed from the time of the felony complaint (Jan. 16, 1978) until the time of the instant motion (March 28, 1979), our review of the record shows that there has been no violation of defendant's right to a speedy trial. CPL 30.30 requires that the prosecution be ready for trial within six months of the filing of the accusatory instrument. However, the six-month time period must be computed in light of CPL 30.30 (subd 4), which excludes certain periods from the time which is chargeable to the People. Most of the 14-month delay resulted from adjournments which were consented to or requested by the defendant and thus that delay was not chargeable to the People (see CPL 30.30, subd 4, par [b]). Another source of the delay excludable from the six-month limitation is attributable to defendant's pretrial motions (see CPL 30.30, subd 4, par [a]). We thus conclude that the total time period chargeable to the prosecution was well within the statutory limit of CPL 30.30 and the dismissal of the indictment on the ground of denial of a speedy trial was improper. Finally, we have considered defendant's contention that the dismissal was really in the interest of justice pursuant to CPL 210.40, even though it was stated to be pursuant to CPL 30.30. If 210.40 was the basis for dismissal, the dismissal order lacked the predicate of proper notice under CPL 210.45. The order to show cause referred solely to CPL 30.30 and the supporting affirmation dealt solely with the speedy trial issue. If dismissal was to be based on CPL 210.40 considerations, the People were entitled to due notice of the basis for such a motion and a proper opportunity to resist it. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.